UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| In re | : | Case No. 12-12013 |
| | : | |
| **LOUISIANA RIVERBOAT GAMING** | : | Chapter 11 |
| **PARTNERSHIP,** *et al.*[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |

### APPLICATION FOR AUTHORITY TO EMPLOY AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF THE DEBTORS' BUSINESS

**NOW INTO COURT**, through undersigned counsel, come Louisiana Riverboat Gaming Partnership and certain of its affiliates, as debtors and debtors-in-possession (collectively, "Debtors"), who hereby submit this Application (the "Application") for entry of an order authorizing the Debtors to employ and compensate certain professionals utilized in the ordinary course of the Debtors' businesses. In support of this Application, the Debtors state as follows:

### Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) and (O).

2. The statutory bases for the relief requested herein are sections 105(a), 363(c), 1107(a) and 1108 of title 11 of chapter 11 of the United States Code (as amended, the "Bankruptcy Code").

---

[1] Legends Gaming of Louisiana-1, LLC (12-12014); Legends Gaming of Louisiana-2, LLC (12-12015); Legends Gaming, LLC (12-12017); Legends Gaming of Mississippi, LLC (12-12019); and Legends Gaming of Mississippi RV Park, LLC (12-12020) are being jointly administered with Louisiana Riverboat Gaming Partnership pursuant to order of this Court [P-6].

{00326499-1}

**Background**

3. On the date hereof (the "Petition Date"), the Debtors each filed for relief under the Bankruptcy Code. The Debtors intend to continue to operate their businesses and manage their properties as debtors in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. On July 31, 2012, the Court entered an order [P-6] directing that the Debtors' chapter 11 cases be jointly administered and consolidated for procedural purposes only.

5. This Court is referred to the *Debtors' Motion for Order Under Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases* ("Joint Administration Motion") [P-2] for a detailed discussion of the factual background and circumstances surrounding the Debtors' commencement of these chapter 11 cases. Capitalized terms not defined herein are as defined in the Joint Administration Motion.

**Relief Requested**

6. The Debtors respectfully request that the Court approve their employment of the Ordinary Course Professionals (as defined below) without requiring the submission of separate retention pleadings for each Ordinary Course Professional.

**Basis for Relief**

7. The Debtors' employees, in the day-to-day performance of their duties, regularly call upon certain professionals, including attorneys, accountants and consultants (collectively, the "Ordinary Course Professionals"), to assist them in carrying out their assigned responsibilities.

8. The Debtors cannot continue to operate their businesses with sound business practice unless they retain and pay for the services of the Ordinary Course Professionals. The operation of the Debtors' businesses would be hindered if the Debtors were required to submit to

the Court an application, affidavit and proposed retention order for each Ordinary Course Professional and if each Ordinary Course Professional was required to apply for approval of its employment and compensation. Further, a number of the Ordinary Course Professionals are unfamiliar with the fee application procedures employed in bankruptcy cases. Some of the Ordinary Course Professionals might be unwilling to work with the Debtors if these requirements were imposed. The uninterrupted services of the Ordinary Course Professionals is vital to the Debtors' continuing operations and their ultimate ability to reorganize. More importantly, the cost of preparing and prosecuting these retention applications and fee applications would be significant and unnecessary because such costs would ultimately be borne by the Debtors' estates.

9. Moreover, a requirement that the Ordinary Course Professionals each file retention pleadings and follow the usual fee application process required of other bankruptcy professionals would burden the Office of the Clerk of the Court and the United States Trustee's office with unnecessary fee applications. This Application proposes a procedure to alleviate such a burden.

10. The Debtors anticipate employing, among others, certain of the Ordinary Course Professionals to perform ongoing services during the pendency of these chapter 11 cases. In particular, attorneys performing litigation related services and regulatory work in both Louisiana and Mississippi. Although most litigation will be stayed upon the commencement of these chapter 11 proceedings, the Debtors, out of an abundance of caution, seek authority to retain the services of the attorneys (as well as other professionals), should circumstances render such services necessary during the pendency of the cases.

11. The Debtors propose to file a statement with the Court and to serve such statement on the United States Trustee and any official committee appointed in these cases on October 10, January 10, April 10 and July 10 of every year that these cases are pending. Such statement shall include the following information for each Ordinary Course Professional: (a) the name of such Ordinary Course Professional, (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the previous 120 days and (c) a general description of the services rendered by each Ordinary Course Professional.

12. If the fee for any month of any of the Ordinary Course Professional exceeds the sum of $25,000.00, the payment of that fee shall be subject to the administrative order entered in these cases and the fee application process.

13. Although some of the Ordinary Course Professionals may hold minor amounts of unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors, or other parties in interest, and thus, none would be retained who do not meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code.

14. To the extent parties-in-interest have questions or concerns related to payments to any Ordinary Course Professional, the Debtors will supply such parties with additional information regarding the work performed and the fees and expenses incurred to permit such parties to reasonably evaluate such payments.

15. The Ordinary Course Professionals will not be involved in the administration of these chapter 11 cases but, rather, will provide services in connection with the Debtors' ongoing

business operations.  As a result, the Debtors do not believe that the Ordinary Course Professionals are "professionals," as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by the Court.[2]  Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Application to avoid any subsequent controversy regarding the Debtors' employment and payment of the Ordinary Course Professionals during the pendency of these chapter 11 cases.  The Debtors shall seek specific Court authority to employ all professionals involved in the actual administration of these chapter 11 cases pursuant to section 327 of the Bankruptcy Code.

16. The relief requested in this Application has been granted routinely by numerous courts.[3]  The Debtors and their estates would be well served by authorizing the retention of the Ordinary Course Professionals because of such professionals' past relationship and understanding of the Debtors and their operations.  It is in the best interest of all of the parties

---

[2] See, e.g., Elstead v. Nolden (In re That's Entertainment Mkt'g Group, Inc.), 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327); In re Madison Management Group, Inc., 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); In re Sieling Assocs. Ltd. Partnership, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); In re Riker Indus., Inc., 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (no need for section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions," and whose "services were not central to [the] bankruptcy case"); In re D'Lites of Am., Inc., 108 B.R. 352, 353 (Bankr. N.D. Ga. 1989) (section 327 approval is not necessary for "one who provides services to debtor that are necessary regardless of whether petition was filed"); In re Fretheim, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327); In re Pacific Forest Indust., Inc., 95 B.R. 740, 743 (Bankr. C.D. Cal. 1989) "professional person," under section 327 because his testimony did not measurably affect the administration of the estate); In re Johns-Manville Corp., 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327).

[3] See, e.g., In re Louisiana Riverboat Gaming Partnership, 08-10824 (Bankr. W.D.La. 2008) (order authorizing employment and compensation of professionals in the ordinary course of business); In re OCA, Inc., 06-10179 (Bankr. E.D. La. 2006) (same); In re Babcock & Wilcox Company, No. 00-10992 (Bankr. E.D. La. 2000) (same); In re Forcenergy Resources, Inc., No. 99-11392 (Bankr. E.D. La. 1999); In re Morrison Knudsen Corp., No. 96-1006 (Bankr. D. Del. June 25, 1996) (Walsh, J.); In re Abrasive Indus., Inc., No. 94-135-HSB (Bankr. D. Del. Feb. 22, 1994) (order authorizing retention and employment of professionals in the ordinary course of business) (Balick, J.); In re Trans World Airlines, Inc., No. 92-115 (Bankr. D. Del. Mar. 9, 1992) (same relief as that granted in Abrasive) (Balick, J.); accord In re CSC Indus., Inc./Cooperweld Steel Co., Nos. 93-41898 2 and 93-41899 (Bankr. N.D. Ohio Jan. 28, 1994) (same, except for employment of outside labor counsel, for which debtors' counsel agreed on record during hearing to seek separate relief) (Bodoh, J.); In re Federated Dep't Stores, Inc., No. 1-90-00130 (Bankr. S.D. Ohio Jan. 15, 1990) (same for all professions) (Aug, J.); In re Cardinal Indus., Inc., No. 2-89-02779 (Bankr. S.D. Ohio June 29, 1989) (same for all professionals) (Sellers, J.).

and the creditors to avoid any disruption in the professional services rendered by the Ordinary Course Professionals in the day-to-day operations of the Debtors' businesses.

## Notice

17. Notice of this Application has been given to: (i) the United States Trustee; (ii) Wilmington Trust Company (as administrative agent on behalf of the First Lien Lenders) and its respective counsel; (iii) Wells Fargo Bank, N.A. (as administrative agent on behalf of the Second Lien Lenders) and its respective counsel; (iv) Louisiana Gaming Control Board; (v) Mississippi Gaming Commission; (vi) the 20 largest unsecured creditors of Debtors on a consolidated basis; and (vii) all parties who request notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

17. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order authorizing the Debtors to employ and compensate certain Ordinary Course Professionals on the terms and conditions set forth herein and grant such further relief as is just and proper.

This 31st day of July, 2012.

Respectfully submitted,

*/s/ Tristan Manthey*
William H. Patrick III, La. Bar No. 10359
Tristan Manthey, La. Bar No. 24539
**HELLER, DRAPER, PATRICK & HORN, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300 // Fax: 504-299-3399
**Proposed Counsel for Debtors and
Debtors in Possession**

# NOTICE ANNEX 1

Pursuant to 11 U.S.C. § 342, the following sets forth the name, addresses and last four digits of the tax identification number for each of the referenced Debtors:

| DEBTORS AND ADDRESSES | CASE NO. | TAX I.D. NO. |
|---|---|---|
| Louisiana Riverboat Gaming Partnership<br>711 DiamondJacks Blvd.<br>Bossier City, LA 71111 | 12-12013 | xx-xxx5811 |
| Legends Gaming of Louisiana-1, LLC<br>711 DiamondJacks Blvd.<br>Bossier City, LA 71111 | 12-12014 | xx-xxx3064 |
| Legends Gaming of Louisiana-2, LLC<br>711 DiamondJacks Blvd.<br>Bossier City, LA 71111 | 12-12015 | xx-xxx3099 |
| Legends Gaming, LLC<br>160 South LaGrange Road<br>Frankfort, IL 60423 | 12-12017 | xx-xxx7524 |
| Legends Gaming of Mississippi, LLC<br>3990 Washington Street<br>Vicksburg, MS 39180 | 12-12019 | xx-xxx3167 |
| Legends Gaming of Mississippi RV Park, LLC<br>3990 Washington Street<br>Vicksburg, MS 39180 | 12-12020 | xx-xxx8765 |