UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| In re | : | Case No. 12-12013 |
| | : | |
| **LOUISIANA RIVERBOAT GAMING** | : | Chapter 11 |
| **PARTNERSHIP,** *et al.*[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |

## MOTION FOR ADMINISTRATIVE ORDER UNDER SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

**NOW INTO COURT**, through undersigned counsel, comes Louisiana Riverboat Gaming Partnership and certain of its affiliates, as debtors and debtors-in-possession (collectively, "Debtors"), who respectfully move this Court for entry of an administrative order establishing procedures for interim compensation and reimbursement of expenses for Professionals (as defined herein) (the "Motion") and in support thereof, respectfully represent:

### Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2. The statutory bases for the relief requested herein are sections 105(a) and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

### Background

3. On the date hereof (the "Petition Date"), the Debtors each filed for relief under chapter 11 of the Bankruptcy Code. Since that time, the Debtors have continued to operate their

---

[1] Legends Gaming of Louisiana-1, LLC (12-12014); Legends Gaming of Louisiana-2, LLC (12-12015); Legends Gaming, LLC (12-12017); Legends Gaming of Mississippi, LLC (12-12019); and Legends Gaming of Mississippi RV Park, LLC (12-12020) are being jointly administered with Louisiana Riverboat Gaming Partnership pursuant to order of this Court [P-6].

{00326515-2}

businesses and manage their properties as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On July 31, 2012, the Court entered an order [P-6] directing that the Debtors' chapter 11 cases be jointly administered and consolidated for procedural purposes only.

5. This Court is referred to the *Debtors' Motion for Order Under Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases* ("Joint Administration Motion") [P-2] for a detailed discussion of the factual background and circumstances surrounding the Debtors' commencement of these chapter 11 cases. Capitalized terms not defined herein are as defined in the Joint Administration Motion.

## Requested Relief

6. The Debtors request that this Court enter an order establishing certain interim compensation and expense reimbursement procedures for Professionals.

## Basis for Relief

7. The Debtors have filed, or will be filing shortly, applications to retain (a) Heller, Draper, Patrick & Horn, L.L.C. as bankruptcy counsel for the Debtors; and (b) Jenner & Block, LLP, as special bankruptcy counsel for the Debtors. The Debtors anticipate that they may also retain other Professionals as the need arises. In addition, the Debtors propose that the administrative order apply to any officials committees and their members, if appointed.

8. The Debtors request that procedures for compensating and reimbursing court-approved Professionals on a monthly basis be established. Such an order will permit the Court and all other parties to more effectively monitor the Professional fees incurred in these chapter 11 cases.

9. Briefly stated, the requested procedures would require those Professionals seeking interim compensation to serve upon: (i) the Debtors and their counsel; (ii) the Office of the United States Trustee; (iii) Wilmington Trust Company (as administrative agent on behalf of the First Lien Lenders) through their counsel; (iv) Wells Fargo Bank, N.A. (as administrative agent on behalf of Second Lien Lenders) through their counsel; (v) any official committees appointed through their counsel (collectively, the "Service Parties"), a summary consisting of a brief statement as to the fees incurred and the costs incurred by each Professional for the prior month. If there is no timely objection, the Professionals would be permitted to be paid one hundred (100%) percent of the amount of fees incurred and disbursements for the month. Each Professional would be required to hold in a client trust account and not disburse twenty (20%) percent of each payment received from the Debtors until such holdback is approved for payment by the Court. All of these payments would be subject to the Court's subsequent approval as part of the normal interim fee application process approximately every 120 days.

10. Specifically, the Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

(a) On or before the 20th day of each month following the month for which compensation is sought, the Professionals will submit a summary consisting of a brief statement as to the fees incurred and the costs incurred (the "Fee Summary"). Each such entity receiving a Fee Summary will have fifteen (15) days after its receipt to review the Fee Summary. At the expiration of the fifteen (15) day period, if no objection (as described below) is made to the Fee Summary, each Professional who submitted Fee Summaries will notify the Debtors in writing that no objections have been filed with regard to the Fee Summary. Upon receipt of such notice in writing, the Debtors shall pay one hundred (100%) percent of the fees and disbursements

requested in the Professionals' respective Fee Summaries, subject to the twenty (20%) percent holdback of fees being held in the Professional's client trust account.

(b) In the event any of the Service Parties has an objection to the compensation or reimbursement sought in a particular Fee Summary, it shall, within fifteen (15) days of the receipt of the Fee Summary, serve upon (i) the Professional whose Fee Summary is objected to, and (ii) except to the extent duplicative of the foregoing clause, the other Service Parties, a written "Notice of Objection to Fee Summary" with a statement setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting Service Party or Service Parties and the Professional whose Fee Summary is objected to shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection(s) within fifteen (15) days after receipt of such objection(s), the Professional whose Fee Summary is objected to shall have the option of (i) filing the objection(s) together with a request for payment of the disputed amount with the Court, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection(s) if payment of the disputed amount is requested. The Debtors will be required to pay promptly any portion of the fees and disbursements requested that are not the subject of a Notice of Objection to Fee Summary.

(c) The first Fee Summary shall be submitted to the Service Parties by the 20th day of the following month after the Petition Date and shall cover the period from the commencement of this case through the end of the relevant month. Thereafter, each Fee Summary will be due by the 20th of the month following the month in which the services were rendered.

(d) Approximately every four (4) months, each of the Professionals shall file with the Court and serve on the Service Parties on or before the forty-fifth (45th) day following the last day of the compensation period for which compensation is sought, an application for interim court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested for the prior four (4) months that incorporates the unfiled monthly interim fee applications. The first such application shall include the partial month in which the cases are filed together with the next four (4) months. Each subsequent application will be at four (4) month intervals. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted.

11. The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Fee Summary shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

12. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of any Professionals.

13. Certain of the Professionals retained by the Debtors have received advance payments or retainers for services to be rendered by each such Professional on behalf of the Debtors following the Petition Date. In light of the fact that the Debtors have minimal funds with which to operate post-petition, the Debtors believe it is appropriate and reasonable for these Professionals to be able to keep their advance payment and retainer amounts (and not be

compelled to apply them to fees and expenses during these cases) to be applied to their final applications for payment of fees and expenses in these cases. Such a retainer is commonly known as an "evergreen" retainer and has been accepted in other jurisdictions. *See In re Insilco Technologies, Inc.,* 291 B.R. 628 (Bankr. D. Del. 2003) (approving "evergreen" retainers where professional fee carve-out was $1.8 million). As such, by this Motion, the Debtors are requesting that the Court permit the Debtors' Professionals to be paid pursuant to the procedures outlined herein without the application of any advance payment or retainer amounts until such time as a Professional requests final payment for its representation of the Debtors in these cases.

14. The Debtors further request that the Court limit the notice of hearings to consider interim applications to: (i) the Debtors; (ii) counsel for the Debtors; (iii) any official committees appointed in the case; (iv) the United States Trustee; (v) Wilmington Trust Company (as administrative agent on behalf of the First Lien Lenders) through their respective counsel; (vi) Wells Fargo Bank, N.A. (as administrative agent on behalf of Second Lien Lenders) through their respective counsel; (vii) Louisiana Gaming Control Board; (viii) Mississippi Gaming Commission; (ix) the 20 largest unsecured creditors of Debtors on a consolidated basis; and (x) all parties who request notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Such notice should reach the parties most active in these cases and will save the expense of undue duplication and mailing.

**Applicable Authority**

15. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an

> application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

16. Section 105(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a).

17. Similar procedures for compensating and reimbursing court-approved professionals have been established in other large chapter 11 cases in this and other districts. *See, e.g.*, *In re Louisiana Riverboat Gaming Partnership*, 08-10824 (Bankr. W.D.La. March 19, 2008); *In re Communications Corporation of America, et al.,* 06-50410 (Bankr. W.D. La. June 7, 2006); *In re OCA, Inc.*, 06-10179 (Bankr. E.D. La. March 14, 2006); *In re Entergy New Orleans, Inc.*, 05-17697 (Bankr. E.D. La September 23, 2005); *In re Torch Offshore, Inc.*, 05-10137 (Bankr. E.D. La. Jan. 1, 2005); *In re Fair Grounds Corp.*, 03-16222 (Bankr. E.D. La. August 15, 2003); *Jazz Casino Company, L.L.C.*, 01-10087 (Bankr. E.D. La January 4, 2001). Such procedures are needed to avoid having professionals fund the reorganization case. *In re Int'l Horizons, Inc.,* 10 B.R. 895, 897 (Bank. N.D. Ga. 1981) (court established procedures for monthly interim compensations). Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *Id.* at 897-98. The Debtors submit that the procedures sought herein are appropriate considering the above factors.

18. The Debtors submit that the efficient administration of these chapter 11 cases will be significantly aided by establishing the foregoing interim compensation and expense

reimbursement procedures. Accordingly, the relief requested is in the best interests of the Debtors, their estates and creditors.

## Notice

19. Notice of this Motion has been given to: (i) the United States Trustee; (ii) Wilmington Trust Company (as administrative agent on behalf of the First Lien Lenders) and its respective counsel; (iii) Wells Fargo Bank, N.A. (as administrative agent on behalf of the Second Lien Lenders) and its respective counsel; (iv) Louisiana Gaming Control Board; (v) Mississippi Gaming Commission; (vi) the 20 largest unsecured creditors of Debtors on a consolidated basis; and (vii) all parties who request notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

20. No prior motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request entry of an Order establishing procedures for interim compensation and reimbursement of expenses of Professionals as set forth herein, and granting such other further relief as is just and proper.

This 31st day of July, 2012.

                                                  Respectfully submitted,

                                                */s/ Tristan Manthey*
                                                William H. Patrick III, La. Bar No. 10359
                                                Tristan Manthey, La. Bar No. 24539
                                                **HELLER, DRAPER, PATRICK & HORN, L.L.C.**
                                                650 Poydras Street, Suite 2500
                                                New Orleans, Louisiana 70130-6175
                                                Telephone: 504-299-3300 // Fax: 504-299-3399
                                                **Proposed Counsel for Debtors**

## NOTICE ANNEX 1

Pursuant to 11 U.S.C. § 342, the following sets forth the name, addresses and last four digits of the tax identification number for each of the referenced Debtors:

| DEBTORS AND ADDRESSES | CASE NO. | TAX I.D. NO. |
|---|---|---|
| Louisiana Riverboat Gaming Partnership<br>711 DiamondJacks Blvd.<br>Bossier City, LA 71111 | 12-12013 | xx-xxx5811 |
| Legends Gaming of Louisiana-1, LLC<br>711 DiamondJacks Blvd.<br>Bossier City, LA 71111 | 12-12014 | xx-xxx3064 |
| Legends Gaming of Louisiana-2, LLC<br>711 DiamondJacks Blvd.<br>Bossier City, LA 71111 | 12-12015 | xx-xxx3099 |
| Legends Gaming, LLC<br>160 South LaGrange Road<br>Frankfort, IL 60423 | 12-12017 | xx-xxx7524 |
| Legends Gaming of Mississippi, LLC<br>3990 Washington Street<br>Vicksburg, MS 39180 | 12-12019 | xx-xxx3167 |
| Legends Gaming of Mississippi RV Park, LLC<br>3990 Washington Street<br>Vicksburg, MS 39180 | 12-12020 | xx-xxx8765 |